UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:13-cr-0053-JMS-TAB-01 |
| ANTHONY D. COLEMAN, | ) ) ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on October 17, 2014, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). A hearing was held on October 28, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

Mr. Coleman appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Matt Rinka, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Phillips.

---

[1] All proceedings were conducted before a court reporter. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Coleman of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Coleman questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Coleman and his counsel, who informed the court they had reviewed the Petition and that Mr. Coleman understood the violations alleged. Mr. Coleman waived further reading of the Petition.

3. The court advised Mr. Coleman of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Coleman was advised of the rights he would have at a preliminary hearing. Mr. Coleman stated that he wished to waive his right to a preliminary hearing.

4. Mr. Coleman stipulated that there is a basis in fact to hold him on the specifications of violation of supervised release as set forth in the Petition. Mr. Coleman executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Coleman of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Coleman advised the court that he wanted to admit the violations set forth in the Petition. After being placed under oath, Mr. Coleman admitted the violations.

7. The allegations Mr. Coleman admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | As previously reported to the Court, on March 7, 19, 21, April 30, May 6, June 14, 2013, March 18, 20, 23, and April 15, 2014, Mr. Coleman tested positive for cocaine. He admitted using cocaine on each occasion, except for April 20, 2013. That sample was forwarded to Alere Laboratory and confirmed positive for Benzoylecgonine (cocaine metabolite). |
| 4 | **"The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation officer, participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances and or alcohol. You shall pay for these services as directed by the probation officer."** |
| | As previously reported to the Court, on January 1, March 5, April 22, June 5, 23, November 21, 2013, February 23, March 15, 19, and 27, 2014, Mr. Coleman failed to report for random urine testing. On October 7, November 21, 2013, January 13, March 10, and April 4, 2014, the offender failed to report for drug treatment classes. |
| 5 | **"The defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer, and shall observe the rules of that facility."** |

On August 28, 2014, Mr. Coleman returned to the RRC and registered .022% BAC on a portable breath test.

On September 23, 2014, RRC staff members witnessed the offender driving a vehicle without authorization. The vehicle had not been inspected or approved by RRC staff as required.

On October 2, 2014, Mr. Coleman returned to the RRC carrying a book bag. Located inside the bag was a 16 ounce Kroger brand purified drinking water bottle. The seal had been broken and the contents contained alcohol.

8. The parties stipulated that:

(a) The highest grade of violation is a Grade B violation.

(b) Defendant's criminal history category is VI.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months imprisonment.

9. The Government recommended a sentence of 21 to 27 months in the Federal Bureau of Prisons with no supervised release to follow. Defendant asked to be placed at the Volunteers of America. Counsel for the parties made arguments regarding the appropriate disposition. Mr. Coleman made a statement on his own behalf.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that Mr. Coleman violated the conditions of his supervised release as set forth in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of nine (9) months, followed by two (2) years of supervised release, including the previously imposed special conditions. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C). Any party desiring review

has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

Dated: November 7, 2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal