UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0053-JMS-TAB |
| | ) | |
| ANTHONY COLEMAN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 17, 2017, supplemental petitions filed on July 25, 2017, and October 18, 2017, and a report filed on October 11, 2017 (collectively, "Petition"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 23, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 23, 2017, defendant Anthony Coleman appeared in person with his appointed counsel, Dominic Martin. The government appeared by Matt Rinka, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Coleman of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Coleman questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Coleman and his counsel, who informed the court they had reviewed the Petition and that Mr. Coleman understood the violations alleged. Mr. Coleman waived further reading of the Petition.

3. The court advised Mr. Coleman of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Coleman was advised of the rights he would have at a preliminary hearing. Mr. Coleman stated that he wished to waive his right to a preliminary hearing.

4. Mr. Coleman stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Coleman orally waived the right to a preliminary hearing in open court, and the court accepted the waiver.

5. The court advised Mr. Coleman of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Coleman, by counsel, advised that he would waive the right to hearing and would admit the alleged violations. The court asked Mr. Coleman a series of questions to ensure that his waiver was knowing and voluntary.

7. Mr. Coleman, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."**<br><br>During his term of supervision the offender has not paid his restitution obligation as directed. Mr. Coleman made a $15.00 payment on May 12, 2017, but has only made two payments in 2017 totaling $25.00. Additionally, the offender only made three payments in 2016, totaling $80.00. He has an outstanding restitution balance of $6,547.00. |
| 2 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>On May 14, 2017, the offender was arrested by the Indianapolis Metropolitan Police Department, and charged with operating a vehicle while intoxicated, and driving while suspended with a prior conviction in Marion County (49G19-1705-CM-017752). Both charges are class A misdemeanors.<br><br>On October 25, 2016, the offender was ticketed by the Indianapolis Metropolitan Police Department for driving while suspended. The offender did notify the probation officer he was ticketed. On January 17, 2017, Mr. Coleman was charged with a class misdemeanor of driving while suspended with a prior in Marion County (49G13-1701-CM-02172). He neglected to advise the probation officer of the new criminal charges, which was discovered in a recent criminal records inquiry. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**<br><br>On May 14, 2017, the offender was arrested by the Indianapolis Metropolitan Police Department, and charged with operating a vehicle while intoxicated. On May 15, 2017, the offender called the probation officer and admitted to drinking too many beers on May 14, 2017, while barbecuing with his family. |

| | |
|---|---|
| **4** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On July 17, 2017, the offender submitted a urine sample which tested positive for cocaine. When confronted with the positive test, he denied using cocaine. The sample was confirmed positive for cocaine by Alere laboratory.

| | |
|---|---|
| **5** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On September 28, 2017, Mr. Coleman submitted a urine sample which tested positive for cocaine. When confronted with the result, he admitted using cocaine.

| | |
|---|---|
| **6** | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

Beginning in late July 2017, and continuing through September 2017, the probation officer made numerous attempts to meet with Mr. Coleman at his residence and employment locations. During the time period indicated he gave excuses for why he could not meet with this officer, avoided direct contact, and did not report for appointments as directed.

| | |
|---|---|
| **7** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On October 6, and 11, 2017, Mr. Coleman submitted urine samples which tested positive for cocaine. When confronted with the tests, he admitted using cocaine.

8. The court placed Mr. Coleman under oath and directly inquired of Mr. Coleman whether he admitted violations 1, 2, 3, 4, 5, 6, and 7 of his supervised release set forth above. Mr. Coleman admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Coleman's criminal history category is VI.

    (c)    The range of imprisonment applicable upon revocation of Mr. Coleman's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence within the guidelines, participation in a drug treatment program, and no supervision to follow. The defendant argued for a modification to include residing at the Volunteers of America, with participation in a drug treatment program. The government countered that Mr. Coleman has repeatedly shown that he will not abide by the conditions of supervision because of his substance abuse problem and that a lengthy period of imprisonment is necessary to provide treatment. The court found the latter position somewhat inconsistent, and determines that Mr. Coleman should have a period of imprisonment appropriate to address substance abuse with some period of supervision following for the best chance at success. Therefore, the court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANTHONY COLEMAN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with nine (9) months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer. Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

13. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment. The

probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will require him to invest into his rehabilitation.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will help ensure the defendant's mental health needs are identified and addressed.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.
16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

17. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution. Justification: This condition will help ensure legitimacy of employment earnings.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

Defendant Coleman reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

    The defendant is to be taken into immediate custody until the district court's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Coleman entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Coleman's supervised release, imposing a sentence of imprisonment of twelve (12) months with nine (9) months of supervised release to follow. The defendant is to be taken into immediate custody while the district court's action on this Report and Recommendation is pending.

IT IS SO RECOMMENDED.

Date: 11/1/2017

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal